# IN THE COURT OF APPEALS OF IOWA

No. 21-0785
Filed August 17, 2022

**BRANDON E. BROWN,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer,

Judge.

Brandon Brown appeals the denial of his application to modify sex offender

registry requirements. **REVERSED AND REMANDED WITH DIRECTIONS.**

Nina Forcier of Forcier Law Office, P.L.L.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee State.

Considered by Tabor, P.J., and Greer and Ahlers, JJ.

**AHLERS, Judge.**

Brandon Brown is required to register as a tier II sex offender for two crimes he committed against a juvenile in 2005 when he was twenty years old. *See* Iowa Code § 692A.102(1)(b) (2020) (listing the crimes currently classified as tier II offenses). Brown successfully completed probation for those offenses in 2011. In 2020, he started this action pursuant to Iowa Code section 692A.128 seeking to modify or eliminate his registration obligations. Following a hearing, the district court denied his application. Brown appeals.

## I. Standard of Review

Modification of sex-offender-registration requirements is a two-step process. *Fortune v. State*, 957 N.W.2d 696, 702–03 (Iowa 2021). The first step is to determine if the statutory requirements for modification in Iowa Code section 692A.128(2) are met. *Id.* at 702. We review this initial threshold determination for correction of errors at law. *Id.*

If, in assessing the first step, the statutory requirements are determined not to have been met, the analysis ends because modification is not permitted. *See* Iowa Code § 692A.128(2) (stating "[a]n application shall not be granted unless all of the [listed requirements] apply"); *see also Fortune*, 957 N.W.2d at 705 ("If the statutory requirements are not met, that is the end of the matter and the district court must deny the modification."). If the statutory requirements are met, modification is permitted and the analysis proceeds to the second step, with the district court exercising its discretion to determine whether modification should occur. *See Fortune*, 957 N.W.2d at 705. A district court's decision whether to grant a modification in the second step is reviewed for abuse of discretion. *See id.*

**II.    Analysis**

We begin our analysis with step one—determining whether Brown established the statutory requirements for modification.  For a tier II sex offender such as Brown, those requirements are: (1) at least five years must have passed since the offender was first required to register[1]; (2) the offender must have "successfully completed all sex offender treatment programs that have been required"; (3) the offender must show that "[a] risk assessment has been completed and the sex offender was classified as a low risk to reoffend"; and (4) the offender must not be "incarcerated when the application is filed."  Iowa Code § 692A.128(2)(a)–(d).[2]

At the hearing on Brown's application, the State conceded that Brown met all of the threshold requirements for modification.  Despite this concession, the district court found the risk assessments of Brown classify him as an average risk to reoffend.  While the district court did not expressly tie this finding to the statutory requirements, it is axiomatic that such a finding means Brown would be ineligible for modification of his registration requirements because he did not meet the requirement that he be classified as a low risk to reoffend.  *See* Iowa Code §§ 692A.128(2) (requiring an application to be denied if all listed requirements are

---

[1] The same five-year waiting period is required for a tier III sex offender, while there is only a two-year waiting period for a tier I sex offender.  *See* Iowa Code § 692A.128(2)(a).

[2] There is a fifth requirement that the director of the judicial district department of correctional services supervising the offender stipulate to the modification.  *See* Iowa Code § 692A.128(2)(e).  However, this requirement only applies when the offender is being supervised.  *Becher v. State*, 957 N.W.2d 710, 716–17 (Iowa 2021).  As there is no dispute that Brown was not being supervised when he filed his application, this requirement does not apply to him.

not met), .128(2)(c) (imposing the requirement that an offender be "classified as a low risk to reoffend").

Substantial evidence does not support the district court's finding. *See State v. Wallace*, No. 15-1448, 2016 WL 6636681, at *2 (Iowa Ct. App. Nov. 9, 2016) (holding that we review the determination of whether the statutory grounds for registration modification have been met for errors of law, meaning our court is bound by the factual findings of the district court if supported by substantial evidence). As noted, at the hearing, the State conceded that all statutory requirements that would permit the district court to consider modification were satisfied. This concession may explain why the State presented no evidence challenging Brown's evidence. The evidence Brown presented establishes that he is classified as a low risk to reoffend.

As required to initiate a modification proceeding, Brown obtained a risk assessment. *See* Iowa Code § 692A.128(2)(c). The risk assessment was completed by the Iowa Department of Correctional Services (DCS) using several different instruments approved by the Iowa Department of Corrections. Interpreting the results of multiple "validated instruments to create a comprehensive risk profile," the DCS determined Brown is overall a low risk to reoffend.[3] The DCS reached this conclusion despite the fact that, on one of the

---

[3] During his testimony at the hearing, the author of the assessment report expressed deference to the court, stating that it is the DCS's position that it is "not in the business of providing the recommendation," as the DCS employees "believe it's the court's right and responsibility as defined in the Code to make the determination as to whether [the offender] fully meets the criteria." Despite this deference expressed in his testimony, his report clearly and unequivocally stated that the risk assessment of Brown classified him as a low risk to reoffend.

instruments, Brown scored in the "above average risk" range. The report and its author's testimony explained this apparent inconsistency. According to the assessment report, "best practice supports the consideration of both Static (history based and relatively unchangeable—Static 99R, and ISORA), and Dynamic (presence of risk in day to day choices—Stable-2007) assessments to generate the most comprehensive profile." In other words, the results from one assessment instrument cannot be used in isolation, as the best assessment of an offender's risk level comes from viewing the instruments as a whole. When viewed comprehensively, the assessment tools utilized by the DCS classified Brown as a low risk to reoffend. Despite the assessment's clear language that Brown is a low risk to reoffend, the district court determined he is an average, not low, risk to reoffend. In doing so, the court committed legal error because its finding is not supported by substantial evidence. *See Fortune*, 957 N.W.2d at 707 ("The district court cannot disqualify [the applicant] from eligibility for modification for his assessment that meets the statutory requirement for consideration as a low-risk offender. To the extent the district court reached a contrary conclusion, it committed legal error."). The uncontested evidence, coupled with a concession by the State at the hearing, establishes that Brown meets the statutory qualifications for modification, so he has successfully completed step one of the process.

As for step two—exercising discretion to determine whether modification is warranted—we do not have enough to work with to determine whether Brown satisfies this step. In its ruling, after making the erroneous finding that Brown is not a low risk to reoffend, the district court did not stop its discussion, as it could have. *See id.* at 705. Instead, the court went on to discuss additional facts. The

purpose of that discussion is not clear given the court's finding that Brown was not a low risk to reoffend. The court never said it was analyzing the second step, possibly as a belt-and-suspenders approach to try to rule on step two despite its finding that Brown did not clear step one. Further, the discussion of those facts is so intertwined with the repeated finding that Brown was not a low risk to reoffend that we are unable to determine if the facts discussed were part of the court's analysis on step two. Under these circumstances, we are not in a position to assess whether Brown has satisfied step two. Further proceedings will be needed to do that.

## III. Conclusion

The district court erred in finding that Brown's assessment did not classify him as a low risk to reoffend, as that finding is not supported by substantial evidence. We reverse the district court's ruling denying Brown's application for modification of his sex-offender-registration obligations. Brown satisfied the statutory requirements that would permit modification. In other words, he successfully completed step one of the process for modification. We are unable to determine if or how the district court exercised its discretion in ruling on the second step of the modification process. So we remand to the district court to exercise its discretion under section 692A.128(5) and (6) to determine whether to grant modification and what the scope of any such modification should be. *See Becher*, 957 N.W.2d at 714. The proceedings on remand may be conducted on the existing record, but the district court is not prohibited from taking additional evidence if it deems it appropriate to do so.

**REVERSED AND REMANDED WITH DIRECTIONS.**